UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ALLAN FARNSWORTH,<br><br>    Petitioner,<br>v.<br><br>FERNANDO GONZALEZ,<br><br>    Respondent. | Civil No. 08 CV 01691-JLS (LSP)<br><br>REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS |

  Mark Allan Farnsworth ("Petitioner," or "Farnsworth"), a state prisoner proceeding *pro se*, has filed a Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, to which Respondent Fernando Gonzalez ("Respondent") has filed an Answer. Petitioner has filed a Traverse to Respondent's Answer. The Court, having reviewed the Petition, Answer, Traverse, and the documents lodged therewith, finds that Petitioner is not entitled to the relief requested and RECOMMENDS that the Petition For Writ of Habeas Corpus be DENIED.

I

**PROCEDURAL HISTORY**

  On December 9, 2004, Petitioner was indicted by a grand jury for conspiracy to smuggle a controlled substance into a state prison. The indictment alleged as an enhancement that he had suffered three strike priors. On February 28, 2005, Petitioner pled guilty to the charged crime, agreeing that his strike priors would be stricken and that the maximum penalty for his crime would be four years

imprisonment. On May 25, 2006, the trial court sentenced Petitioner to four years in prison per a plea agreement, and Cal. Penal Code §1170.1(c), to be served consecutively to the term Petitioner was currently serving for attempted murder and robbery.

On October 26, 2007, the California Court of Appeal affirmed Petitioner's conviction and sentence. The Court of Appeal concluded that Petitioner waived his right to challenge the sentence on appeal because the sentence was an integral part of the negotiated plea agreement. On November 29, 2007, Petitioner filed a Petition for Review in the California Supreme Court. On January 3, 2008, the California Supreme Court denied review. On September 9, 2008, Petitioner filed the instant Petition for Writ of Habeas Corpus. On January 15, 2009, Respondent filed an Answer to the Petition. On February 3, 2009, Petitioner filed a Traverse.

## II

## **FACTUAL HISTORY**[1]

On December 9, 2004, a grand jury indicted Marc Farnsworth and two codefendants for conspiracy to bring a controlled substance into the state prison where they were confined [Cal. Penal Code, §§ 182 (a)(1); 4573; 1170.1(c)]. The indictment alleged as an enhancement that he had suffered three strike priors. [§667(b)-(i)]

On February 28, 2005, Farnsworth pled no contest to the charged crime. In exchange for his plea, the prosecutor agreed to strike the enhancement, and limit Farnsworth's maximum sentence to the upper term of four years in prison. Attorney David Rung ("Rung") represented Farnsworth for purposes of negotiating the plea.

On May 26, 2005, Farnsworth moved to withdraw his plea under Cal. Pen. Code §1018, alleging that he only entered into the agreement because Rung falsely told him he had filed both a motion to dismiss the charges under Cal. Penal Code §995 and a motion to sever Farnsworth's case from that of his codefendants. At the hearing on the motion to withdraw the plea, Farnsworth testified that Rung also told him the jury would be biased against him because approximately 90 to 95 percent of the jurors in Imperial County are related to correctional officers; but Rung did not tell him the jurors could be questioned regarding any biases they might hold. Farnsworth also testified that Rung told him the agreed upon four-year sentence was the midterm, and not the upper term.

**On August 25, 2005**, the trial court denied the motion and at the hearing stated, "It seems to me, just in reading of the transcript seems to suggest [sic ] that there is a factual basis for the charge of the conspiracy ... that [Farnsworth] and other people were conspiring to bring drugs into the state prison."The trial court continued, "I really wish I could have had some indication from Mr. Rung, subpoenaed him. If he hadn't responded to that subpoena, I would have started scratching my head why he would not and maybe made some inferences. But I really just have Mr. Farnsworth's word on this thing. I'm not convinced by the [sheer] force of [Farnsworth's] statement, even under oath, as to the truth of these things."

---

[1]This statement of facts is taken substantially from the California Court of Appeal unpublished opinion, *People v. Farnsworth*, No. D048728 (Cal. Ct. App., 4th Dist. Div. 1, Oct. 26, 2007). This Court relies on these facts under 28 U.S.C. § 2254(e)(1). See *Park v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness).

The trial court further questioned Farnsworth's credibility regarding statements Rung allegedly made, noting it was "hard to swallow" the notion that Rung would lie to Farnsworth regarding the § 995 motion or the motion to sever.

The court noted Farnsworth did not mention in his testimony that he received a quid pro quo: absent the plea, Farnsworth would have gotten a life sentence. The court stated, "But back to the issue of Mr. Rung, if I was convinced that this happened or a reasonable possibility that it happened, I would grant this motion because that's something I would not tolerate from any attorney. But it's such, like I said, such an egregious thing, I find it difficult to believe it." Finally, the court stated, "I think we are back to the issue of Mr. Rung allegedly making all of these representations to Mr. Farnsworth. And I find his testimony to be somewhat not credible on the other issues as well. They tend to reflect on his credibility concerning Mr. Rung's alleged representations to him. "The trial court concluded, "I cannot say that the disposition reached here was an unfair one for him. When three strikes are stricken and he gets four years, hey, I can't say 'I've been misled and entered into an unknowing disposition. I was not able to exercise my free will because of these representations made to me.' "

**At an October 6, 2005** hearing, the trial court stated its view that "Rung should be subpoenaed." On January 19, 2006, the court granted Farnsworth a five-week continuance to file a motion for reconsideration of the court's denial of his request to withdraw his plea. On March 2, 2006, Farnsworth's counsel stated he had tried, unsuccessfully, to contact Rung; therefore, the court granted a continuance for filing the motion for reconsideration. On March 9, 2006, Farnsworth filed a motion for reconsideration. On May 3, 2006, Farnsworth filed a motion for a further continuance. On May 12, 2006, during the hearing on both motions, defense counsel stated he still had not contacted Rung, and he regarded the 10 hours the court agreed to pay for an investigator's services for that purpose to be insufficient. The court denied defense counsel's motion for another continuance to contact Rung, and also denied the motion for reconsideration. On May 25, 2006, the court sentenced Farnsworth to four years in prison per the plea agreement and §1170.1(c) to be served consecutively to the term Farnsworth was currently serving for attempted murder and robbery because Farnsworth committed the underlying crime while in prison. [*Emphasis added*].

## II. GROUNDS FOR RELIEF

Petitioner raises three grounds for relief. Ground one is based on an alleged violation of his procedural due process rights under the Fourteenth Amendment of the United States Constitution. Petitioner claims he pled guilty to the charge of conspiracy to smuggle drugs into prison "on the basis of promises by the state which were not fulfilled." Petitioner claims that he was promised he would be free to argue at the time of sentencing what the appropriate sentence for his crime should be. He asserts that he therefore had "the full belief [he] would be given the opportunity to argue the appropriate sentence by statute and would be given the appropriate sentence under the statute." However, Petitioner adds in his Traverse that he is not challenging the validity of the plea, but rather, the validity of the sentence he received.

Petitioner's second ground for relief asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment, because he allegedly received a sentence that

exceeded the maximum sentence the legislature intended.  Petitioner claims that instead of receiving the full consecutive term sentence for the conspiracy to smuggle drugs into prison (four years) he should have been sentenced to one-third of the middle term.  Petitioner claims that the crimes of attempted murder and robbery, which he committed after he escaped from prison, should not have been segregated from the escape for the purpose of determining Petitioner's subsequent sentence for conspiracy to smuggle drugs into prison.

Therefore, Petitioner asserts that the escape and the ensuing attempted murder and robbery should have been considered together as his first in-prison offense, and the conspiracy to smuggle drugs into prison should have been considered his second in-prison offense.  Petitioner argues that according to Cal. Penal Code §1170.1 (c), consecutive in-prison offenses shall be calculated in the following way: "The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed."

Petitioner also raises an ineffective assistance of counsel claim, which although he does not list as a ground for relief, he alludes to in his Petition and reiterates in his Traverse. Petitioner asserts that "[t]rial counsel abandon[ed] petitioner at the most crucial stage of the trial 'sentencing'[sic] and petitioner was forced to address the court unassisted by any counsel concerning sentencing arguments." Petitioner adds in his Traverse that he has attached an exhibit "in support of Petitioner's claim of abandonment in the area of sentencing argument."  He asserts that "had counsel come prepared to argue the proper sentence under the sentencing guidelines of Pen. Code § 1170.1 (A) rather than abandoning this legal point to be argued by Petitioner we may not be here today."

## III.

## **STANDARD OF REVIEW**

In order for federal subject matter jurisdiction over a petition for writ of habeas corpus to lie, the petition must allege that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C.A. § 2254(a).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to habeas corpus petitions filed after 1996. The current petition was filed on Sept. 9, 2008 and is therefore governed by the AEDPA. To obtain federal habeas relief, Petitioner must satisfy either § 2254(d)(1) or § 2254(d)(2). See *Williams v. Taylor*, 529 U.S. 362, 403 (2000). The Supreme Court interprets § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13.

A state court's decision may be found to be "contrary to" clearly established Supreme court precedent: (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from the [the court's] precedent." Id. at 405-406; Lockyer v. Andrade, 538 U.S. 63, 72-75 (2003). A state court decision involves an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or, "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 539 U.S. at 407; Andrade, 538 U.S. at 76.

When there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v. Nunnmeaker, 501 U.S. 797, 801-06 (1991). If the dispositive

state court order does not "furnish a basis for its reasoning, " federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled in part by Andrade, 538 U.S. at 74-77).

### A. Ineffective Assistance of Counsel

Petitioner contends he received ineffective assistance of trial counsel. To prove his claim, petitioner must show that his attorney's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). He must also prove he was prejudiced by demonstrating a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different. Id. at 694.

Under the second component, petitioner must demonstrate his counsel's error rendered the result unreliable or the trial fundamentally unfair. Fretwell v. Lockhart, 506 U.S. 364, 372 (1993); Strickland, 466 U.S. at 694. "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel can not be shown by a preponderance of the evidence to have determined the outcome." Strickland, 466 U.S. at 694.

Review of counsel's performance is "highly deferential" and there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment. United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1987); see Strickland v. Washington, 466 U.S. at 690; Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir. 1985).

Petitioner must prove both elements. The court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. Strickland v. Washington, 466 U.S. at 697.

### B. Plea Bargain Agreements

Whether Petitioner has waived his statutory right to appeal is reviewed *de novo*. U.S. v. Schuman 127 F.3d 815, (9th Cir.1997). The United States Supreme Court has held that knowing and voluntary constitutional waivers negotiated as part of a plea bargain agreement with the government are not violations of due process. Town of Newton v. Rumery, 480 U.S. 386, 393 (1987) "Accordingly, if it is

not a due process violation for a defendant to waive constitutional rights as part of a plea bargain, then a defendant's waiver of a non constitutional right, such as the statutory right to appeal a sentence, is also waivable." U.S. v. Navarro-Bote llo, 912 F.2d 318, 321 (9th Cir. 1990); Also, "[C]ourts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." U.S. v. Nunez v. 223 F.3d 956 (9th Cir. 2000);

 Despite a defendant's waiver of his right to appeal, he can appeal when the sentence imposed is not in accordance with the negotiated plea agreement. Id. "Plea agreements are contractual in nature and are measured by contract law standards." Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003) [quoting *United States v. De La Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993)] "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). Finally, public policy strongly supports upholding the validity of plea agreements. Id at 321-322; *see also* Brady v. United States, 397 U.S. 742, 752 n.10 (1969).

### C. Federal Habeas Review of State Sentencing Law

 A federal habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable claim pursuant to § 2254. A state's interpretation of its laws or rules provided no basis for federal habeas corpus relief because no federal constitutional question arises. Estelle v. McGuire, 502 U.S. 62, 68 (1991) (federal habeas corpus relief does not lie for errors of state law, and federal courts may not reexamine state court determinations on state law issue). *See also* Hodges v. Newland, 172 F.Supp. 2d 1245 (2001); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989), cert. denied, 499 U.S. 963 (1991); Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 1986); Howard v. Craven, 306 F. Supp. 730, 732 (C.D. Cal. 1969). Under narrow circumstances, the misapplication of state sentencing law may result in a due process violation. *See* Richmond v. Lewis, 506 U.S. 40, 50 (1992); Ballard v. Estelle, 937 F.2d 453, 456 (9th Cir. 1991). Absent a showing of fundamental unfairness, federal courts must defer to a state courts' interpretation of state sentencing laws. *See* Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993). Fundamental unfairness has been found where a state court imposed a sentence in excess of state law. Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987). When defendants

are illegally sentenced and the court exceeds its sentencing authority, the excessive portion is void and the defendant should be resentenced.  Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir., 1990). However, "The right to a merger of convictions for purposes of sentencing is not a federal Constitutional right, and thus exclusively a state sentencing issue that is not cognizable in federal habeas corpus proceedings."  Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir.1993).

## V.

## DISCUSSION

Petitioner claims that he was not represented by counsel during sentencing. [Petition, at 7]. Although Petitioner does not state this claim as a "ground" for habeas relief, the Court construes his statements as a claim of ineffective assistance of counsel. As to ground one of the Petition, the Court notes that the language of Petitioner's plea agreement clearly encompasses a waiver of appeal of the grounds claimed.  The agreement states, "I understand that I have the right to appeal any adverse decision and I give up that right." [Respondent's Lodgment No.1, p.18] Furthermore, Petitioner acknowledged, in open court, his understanding of each term of the plea agreement. [Respondent's Lodgment No.2, p.1-5]. Petitioner further asserts in his Traverse to Respondent's Answer that he is not "challenging the validity of his plea but rather the validity of the sentence." [Traverse, at  2].  Nevertheless, Petitioner has listed as ground one in his Petition that he was promised an opportunity to argue before the sentencing judge whether he should be sentenced to the upper term of four years. Petitioner asserts he would not have pled guilty if he believed he would receive the four year sentence.  And, under ground two, Petitioner also asserts that the trial court made a sentencing error when it sentenced him to four years.

### A. Ineffective Assistance of Counsel

Petitioner claims that he was not represented by counsel at sentencing. Specifically, Petitioner claims that counsel abandoned him during sentencing. However, the record is clear that Petitioner was represented by counsel at the sentencing hearing. Petitioner does not point to any evidence in the record showing that counsel's representation was less than objectively reasonable. [Respondent's Lodgment No. 2, at 228-246].  Petitioner presents a six-page letter that he wrote to his counsel on April 6, 2006 and asserts the letter supports his claim that counsel ineffectively represented him. [Traverse, Exhibit A-2]

Petitioner does not point to any relevant part of the letter showing that an error was made by counsel at sentencing or at any other time. The Petitioner must show that a prejudicial error was made by his counsel which affected the outcome of his trial. The aforementioned letter, written *by Petitioner* to his counsel, does not present evidence of errors made by counsel. Petitioner does not present any other evidence of ineffective assistance of counsel during sentencing. Therefore, Petitioner has not shown that he was prejudiced by demonstrating a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different.

Therefore, to the extent that Petitioner has made a claim for ineffective assistance of counsel, the Court RECOMMENDS that the claim be DENIED.

## B.  Petitioner Waived his Right to Appeal

Despite asserting he is not challenging the plea, by challenging the validity of the sentence Petitioner is, albeit obliquely, challenging the plea since he claims he would not have plead guilty if he knew the sentence would be four years. Thus, by claiming that he did not enter his plea agreement knowingly, because he could not have anticipated that the judge would make a sentencing error, he is challenging the plea and thus the plea agreement.   Therefore, although Petitioner waived his right to appeal as part of the plea process, and claims he is not disputing the validity of the plea agreement,  the Court feels compelled to review the validity of Petitioner's plea and the accompanying agreement.

It is clear from the record that Petitioner was granted the opportunity to, and did in fact, present his argument to the sentencing court. Petitioner argued that under Cal. Pen. Code §1170.1(a) and (c), he should be sentenced to one-third of the mid-term for the conspiracy to smuggle drugs into prison.[2] [Respondent's Lodgment No. 2, at 229-232]. The sentencing judge disagreed with Plaintiff's assessment of the governing statutes. Id.  Instead, the court sentenced Petitioner to what he bargained for, the upper term of four years in exchange for a strike of his felony priors. "Defendant will be sentenced to upper term of 4 years [s]trike enhancements in case # 99WF2550 alleged at page 2 of indictment will be struck from this action." [Respondent's Lodgment No. 1, at 17]. Therefore, to the extent that Petitioner

---

[2]Conspiracy to commit a crime/bringing controlled substance into a state prison is a felony in violation of Cal. Penal Code §§182(a)(1) and 4573, and is punishable by imprisonment in state prison for two(2), three (3), or four (4) years. Thus, the mid term is three years (3), and one-third the mid term is one (1) year.

claims in ground one of his Petition that the promise on which he based his agreement to plea was unfulfilled, i.e., the ability to argue at sentencing, the claim is without merit.

Petitioner asserts that his motivation for agreeing to a guilty plea was his impression that he would receive a sentence of less than four years. However, it appears that Petitioner has mischaracterized the facts surrounding his plea agreement. Petitioner claims that he did not know he could receive a four year sentence in exchange for his guilty plea. At the Motion to Withdraw Plea hearing, Petitioner admitted he was told by counsel that he was going to receive a four year deal, "[H]e told me that it was a midterm deal. Four years was half [the] midterm deal. And it turned out four was the maximum deal, period." [Respondent's Lodgment No. 2, at 117]. At the same hearing, Petitioner was asked, "But did [counsel] tell you it was going to be four years?" Petitioner responded, "Yes, he did." Id. Although Petitioner may have been confused as to whether four years was the midterm or the upper term, it is clear that when Petitioner agreed to plead guilty, he was aware that he would receive four years. Therefore, Petitioner's claim that at the time he entered his plea, he was sentenced in excess of what he believed his sentence would be is groundless.

Petitioner also fails to mention an alternative motivating factor for his agreeing to plead guilty: he was presented with an opportunity to strike his prior felonies in exchange for agreeing to accept four years for a guilty plea. [Respondent's Lodgment No. 1, at 17]. Accordingly, Petitioner chose to risk receiving four years for the smuggling charge, rather than risk receiving life in prison. In fact, on direct examination at the Motion to Withdraw Hearing, Petitioner stated that he felt he had no choice but to enter a plea in the conspiracy case because, "[T]here was, you know, other crimes and everything in the case at the time." [Respondent's Lodgment No. 2, at 112]. As a result, to the extent Petitioner claims that he would not have agreed to plead guilty if he had known he would receive four years, the Court finds that claim to be dubious at best.

Therefore, the Court RECOMMENDS that Petitioner's first ground for habeas relief be DENIED

### C. Petitioner's Has Not Shown Sentence Is Fundamentally Unfair

Petitioner relies on Cal. Penal Code §1170.1 (c) to insist that his terms for the escape and attempted murder and robbery felonies should have been merged for sentencing purposes, resulting in them being considered together as his first in-prison offense. Accordingly, Petitioner claims that the conspiracy charge

should have been considered a second in prison offense and thus calculated at one-third the mid-term of the sentence for that crime.

Cal. Penal Code §1170.1 (c) states in pertinent part,

> In the case of any person convicted of one or more felonies committed while the person is confined in a state prison or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a).[3]  This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings.

The following is a chronology of Petitioner's offenses and sentences relevant to this case:

| **Sentencing Date** | **Offense** | **Sentence** |
|---|---|---|
| 4/06/1999 | Drug Possession | 16 Months |
| 2/09/2000 | Escape | 16 Months - consecutive to drug possession sentence |
| 6/19/2001 | Attempted murder/robbery | 10 Years |
| 5/25/2006 | Conspiracy, bring controlled substances into prison | 4 Years - consecutive to attempted murder |

[Respondent's Lodgment 1 at 60, 64, 69; *see also* Respondent's Lodgment 2, at 243].

The sentencing court found that at the time Petitioner committed the offense of conspiring to smuggle drugs into the prison, he had long ago completed his sentence for his original drug possession offense, as well as his subsequent sentence for escape.  These two sixteen month terms running consecutive to one another were completed in **December 2002**, nearly four and one half years prior to the conspiracy sentence**.** [Respondent's Lodgment 2, at 238]. However, Petitioner remained in prison as a result of the ten year sentence for the attempted murder and robbery that he committed during his escape.  Therefore, the sentencing court declined to "merge" the attempted murder and robbery convictions with the escape conviction for the purposes of sentencing.

---

[3]The relevant portion of that subdivision states, "the subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed...."

"(A)bsent a showing of fundamental unfairness, federal courts must defer to a state court's interpretation of state sentencing laws." <u>Bueno v. Hallahan</u>, 988 F.2d at 88. Fundamental unfairness has been found where a state court imposed a sentence in excess of state law. <u>Walker v. Endell</u>, 850 F.2d at 476. Because of the sentencing court's decision declining to merge the convictions, the Court reviews the record to evaluate Petitioner's claim that he received a fundamentally unfair sentence in excess of state law. The right to a merger of convictions for purposes of sentencing is not a federal constitutional right. <u>Hendricks v. Zenon</u>, 993 F.2d at 674. Therefore, Petitioner's claim that the sentencing court erred by not merging the convictions for sentencing purposes is not cognizable in federal habeas corpus proceedings. <u>Id.</u> As a result, this Court does not review the method the sentencing court used to sentence Petitioner.

Petitioner erroneously cites a Ninth Circuit case and United States Code for authority of the district court to review state sentencing errors. Petitioner cites to <u>United States v. Laney</u> 189 F.3d 954 (9th Cir. 1999) which held that the United States Court of Appeals has jurisdiction over an appeal of a sentence that (1) was imposed in violation of law; or (2) was imposed as a result of an incorrect application of the United States Sentencing Guidelines. Petitioner's reliance on this case is misguided <u>Laney</u> involves the Court of Appeals' review of a federal district court's, not state court's, sentencing decision. Petitioner also cites to 28 U.S.C. § 3742 (a) which authorizes defendants to file a notice of appeal in the district court for review on an otherwise final sentence under certain enumerated circumstances. That statutory citation is not applicable to circumstances involving appeals of state sentencing decisions and therefore does not support Petitioner's argument that the sentence is fundamentally unfair.

As a result, in evaluating Petitioner's claim that the sentence he received was fundamentally unfair, the Court is left with a review of whether under the method employed, Petitioner received a sentence that is fundamentally unfair because it imposed time in custody in excess of what is permitted under state law. In performing that evaluation, the Court is mindful that the term of four years is the upper limit for Petitioner's offense and that his sentence does not exceed that term. Also, the charge Petitioner was facing, conspiracy to smuggle drugs into prison, his fourth charged felony, carried with it a potential sentence of life in prison. Instead of facing a life sentence as a result of enhancements due to

his prior felonies, Petitioner was allowed to admit he was guilty of conspiracy to smuggle drugs into prison in exchange for a four year sentence. Petitioner not only received the exact sentence he bargained for, but he also "received considerable benefits as a result of entering the plea." Hodges v. Newland, 172 F. Supp. 2d at 1251.  This result is not "fundamentally unfair."

Therefore, the Court RECOMMENDS that Petitioner's second ground for habeas relief be DENIED.

## VI
## CONCLUSION AND RECOMMENDATION

After a review of the record in this matter, the undersigned Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be **DENIED** with prejudice.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than June 18, 2009, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than July 6, 2009. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 18, 2009

_____
Hon. Leo S. Papas
U.S. Magistrate Judge