UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARC ALLAN FARNSWORTH, | CASE NO. 08CV1691 JLS (AJB) |
|---|---|
| Petitioner, | **ORDER (1) OVERRULING PETITIONER'S OBJECTION; (2) ADOPTING MAGISTRATE JUDGE PAPAS' REPORT AND RECOMMENDATION; and (3) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| FERNANDO GONZALEZ, Acting Warden, | |
| Respondent. | (Doc. No. 10.) |

On September 15, 2008, Marc Allan Farnsworth ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Fernando Gonzales ("Repondent") filed an Answer, and Petitioner subsequently filed a Traverse. (Doc. Nos. 8, 9.) On May 18, 2009, Magistrate Judge Leo S. Papas[1] issued a Report and Recommendation ("R&R") recommending this Court deny Petitioner's Petition for Writ of Habeas Corpus. (Doc. No. 10.) Petitioner filed his objection to the R&R on July 2, 2009. (Doc. No. 13.) For the following reasons, the Court **HEREBY:** (1) **OVERRULES** Petitioner's objection; (2) **ADOPTS** Magistrate Judge Papas' R&R; and (3) **DENIES** Petitioner's Petition for Writ of Habeas Corpus.

//

---

[1] The matter was subsequently transferred to Magistrate Judge Anthony J. Battaglia.

## BACKGROUND

The procedural and factual history at issue in this matter are not in dispute and were not objected to. A brief summary is as follows:

On December 9, 2004, Petitioner was indicted by a grand jury for conspiracy to smuggle a controlled substance into state prison, where he was currently incarcerated. Petitioner had previously been convicted and sentenced to prison for three independent felonies: his first for possession of a controlled substance, his second for escape from prison, and his third for second degree robbery and attempted murder, which were committed by Petitioner while at large. Accordingly, the indictment for the conspiracy to smuggle a controlled substance into prison while incarcerated on the attempted murder and robbery conviction, alleged as an enhancement three strike priors.

On February 28, 2005, Petitioner pled guilty to the conspiracy charge in exchange for the dismissal of the strike allegations, which could have resulted in a potential life sentence. Under the terms of the agreement, Petitioner faced a maximum term of four years imprisonment, and, on May 25, 2006, the trial court sentenced Petitioner to four years imprisonment to be served consecutively to the term Petitioner was currently serving for attempted murder and robbery.

On October 26, 2007, the California Court of Appeal affirmed Petitioner's conviction and sentence. Petitioner subsequently filed a Petition for Review in California Supreme Court, which was denied. The instant Petition for Writ of Habeas Corpus was filed on September 9, 2008.

## LEGAL STANDARD

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of the district court in connection with a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). However, in the absence of timely objection, the Court need "only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72, Advisory Committee Notes (1983)

1  (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## DISCUSSION

In his R&R, Magistrate Judge Papas construed Petitioner's Petition to set forth three grounds for relief, rejecting all three. Petitioner objects only to one finding: "the interpretation that petitioner is appealing the validity of his plea when it is fully petitioner's intention to bring fourth the validity of his sentence." (Obj. at 1.) To be sure, Magistrate Judge Papas did construe Petitioner's Petition in part as challenging the validity of the plea agreement because Petitioner argued that he would not have pled guilty had he known he would be sentenced to four years. (*See* R&R at 9.) Magistrate Judge Papas, however, also adequately and correctly analyzed the claim that the sentence, and not the plea, was invalid. (*See id*. at 10-13.) Thus, the Court will review this finding *de novo*. 28 U.S.C. § 636(b)(1)(c). As to the remaining portions of Magistrate Judge Papas' R&R which were not objected to, the Court has reviewed the record and finds " no clear error." Fed. R. Civ. P. 72, Advisory Committee Notes (1983). Thus, the Court **ADOPTS** the unobjected to portions of the R&R.

Plaintiff's sole objection to the R&R is that the state court's four-year sentence was not authorized by law under Cal. Penal Code § 1170.1(c) and therefore should be invalidated. Petitioner claims that the question before this Court is:

> [D]id the lower court (trial court) misinterpret the guidelines of Cal. Penal Code § 1170.1 (a), (c), and if so does it make petitioner's sentence of 4 years on a consecutive [in-custody] offense instead of one third as perscribed [*sic*] by Pen. Code § 1170.1(a) valid?

(Obj. at 4.)

California Penal Code § 1170.1(c) provides, in pertinent part:

> In the case of any person convicted of one or more felonies committed while the person is confined in a state prison or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a).

Cal. Penal Code § 1170.1(c). Subdivision (a) provides: "The principal terms shall consist of the greatest term of imprisonment imposed by the court for any of the crimes. . . The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment for each

1 other felony conviction for which a consecutive term of imprisonment is imposed . . ." Cal. Penal
2 Code § 1170.1(a).

3   Accordingly, Petitioner contends that his terms of imprisonment for the escape and
4 attempted murder/robbery felonies should have been merged so that they would together constitute
5 his first in-prison offense (the principal offense).  If so merged, the conspiracy charge would be the
6 second "subordinate" in-custody offense and therefore would be calculated at one-third the mid-
7 term sentence for that crime instead of the maximum sentence.[2]  The sentencing court, however,
8 declined to merge the escape and attempted murder/robbery convictions and thus did not apply the
9 one-third of the mid-term sentence calculation to the conspiracy charge.[3]  (Respondents Lodgment
10 2, at 238-42.)

11   The law is clear that a federal habeas court is not to reexamine state-court determinations
12 on state-law questions, as the "federal court is limited to deciding whether a conviction violated
13 the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68
14 (1991).  Thus, the Court must generally defer to the state court's interpretation of the state
15 sentencing laws, absent a showing that the state court's determination violated Petitioner's
16 constitutional rights.  *See Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993); *see also Walker v.*
17 *Endell*, 850F.2d 470, 476 (9th Cir. 1987) ("Generally, a federal appellate court may not review a
18 state sentence that is within the statutory limits.  We may vacate a sentence, however, if it was
19 imposed in violation of due process." (internal citation omitted)).

20   In reviewing the state court's sentence, the Court finds no violation of a constitutional
21 right, and thus denies habeas relief.  The Ninth Circuit has made clear that "[t]here is no federal
22 Constitutional right to merger of convictions for purposes of sentencing." *Hendricks v. Zenon*,
23 993 F.2d 664, 676 (9th Cir. 1993).  In *Hendricks*, the court rejected the petitioner's argument that

24

---

25   [2] Conspiracy to commit a crime/bringing controlled substance into a state prison is punishable
26 by imprisonment in state prison for two, three, or four years.  Cal. Penal Code §§ 182(a)(1) and 4573.
Thus, the mid term is three years, and one-third the mid term is one year.

27   [3] The Court noted that the drug possession and escape felonies were both for 16 months,
serviced consecutively.  These two terms were completed in December 2002, but Petitioner remained
28 in prison for the ten year sentence for the attempted murder and robbery conviction.  Thus, the trial
court did not merge the escape conviction, the sentence of which was already completed, with the
continuing attempted murder/robbery sentence.  (Respondents Lodgment at 2.)

1  "the trial court erred in failing to merge, for the purpose of sentencing, his conviction for
2  kidnapping in the first degree with either his conviction for attempted murder or his conviction for
3  rape in the first degree." *Id.* The court thus held that the "claim regarding merger of convictions
4  for sentencing is exclusively concerned with state law and therefore not cognizable in a federal
5  habeas corpus proceeding." *Id.*

6  Accordingly, the Court may not review the state court's determination in this case to not
7  merge the escape conviction with the attempted murder and robbery conviction. Thus, the Court is
8  limited to determining whether the actual sentence imposed violated constitutional norms. *See*
9  *Bueno*, 988 F.2d at 86-88; *see also Walker*, 850 F.2d at 476-77 ("The due process clause prohibits
10  a trial judge from enhancing a sentence based on materially false or unreliable information . . . or
11  based on a conviction infected by constitutional error." (internal citation omitted)). Whether the
12  conviction was "fundamentally fair" is the standard used in other habeas reviews of constitutional
13  rights, and the standard used by the Magistrate Judge in this matter. *See Bueno*, 988 F.2d at 86-88.

14  In reviewing the sentence imposed, it is clear that it was not "fundamentally unfair" or
15  otherwise in violation of Petitioner's constitutional rights. The term imposed was the upper limit
16  for Petitioner's offense, but did not exceed this limit. In fact, had the plea agreement not waived
17  the three strike priors, Petitioner would have faced a potential sentence of life in prison. Petitioner
18  admittedly knew he bargained for four years in exchange for his plea of guilty, and this is what he
19  received. (*See* Obj. at 2 ("It is agreed upon by all parties including Petitioner that . . . in pleading
20  guilty, Petitioner did agree that the maximum sentence he could receive was 4 ears which was the
21  recommendation of the people. . .").) This result does not violate constitutional norms and
22  therefore habeas relief is not warranted.

23  **CONCLUSION**

24  For those reasons, the Court **OVERRULES** Petitioner's objection, **ADOPTS** Magistrate
25  Judge Papas' R&R, and **DENIES** Petitioner's Petition for Writ of Habeas Corpus.
26  **IT IS SO ORDERED.**
27  DATED: March 11, 2010
28  
Honorable Janis L. Sammartino
United States District Judge